UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ERIC EARNEST, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16CV01112 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Eric Earnest's *pro se* Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1].

### I.  BACKGROUND

On October 26, 2007, Petitioner Eric Earnest pleaded guilty to conspiracy to distribute cocaine and marijuana (Count I), conspiracy to launder money (Count II) and criminal forfeiture (Count IX) in Case No. 4:07CR00184 ERW. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed to a sentence of 151 months.

A Presentence Report ("PSR") was prepared. According to the PSR, Earnest's base offense level was 34 under § 2D1.1(c)(3) of the 2007 edition of the United States Sentencing Guidelines ("U.S.S.G."). Two levels were added pursuant to U.S.S.G. § 3B1.1(c) because Earnest was a supervisor; and three-levels were subtracted for acceptance of responsibility. The total offense level would have been 33; however, Earnest was determined to be a career offender pursuant to U.S.S.G. § 4B1.1 as a result of his prior convictions for: (1) Arkansas burglary; and (2) Robbery of a United States Post Office. Accordingly, under Chapter 4, Earnest's offense

1

level became 37. After the three-level reduction for acceptance of responsibility, his total offense level was 34.

At Earnest's sentencing on January 8, 2008, the Court adopted the factual assertions set forth in the PSR. The Court stated it was going to calculate a sentencing range under the 2007 United States Sentencing Guidelines Manual, and consider that range along with other factors. The Court acknowledged Earnest was a career offender under U.S.S.G. § 4B1.1 based upon his prior felony convictions and found his total offense level to be 34 and the criminal history category to be VI, resulting in a sentencing guideline range of 267-327 months. The Court then sentenced Earnest to 151 months in accordance with the plea agreement. Earnest did not appeal.

After the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), on June 23, 2016, Earnest filed the following petition to correct his sentence.

> This letter is in regards to me being sentenced in pursuant to 4Bl.l of the sentencing guidelines as a career offender. The Supreme Court ruled in the U.S. vs. Johnson, that the residual clause was unconstitutional. The court made this ruling retroactive in the U.S vs. Welch, because of this I believe at least one of my convictions used to career me is no longer considered a crime of violence. I respectfully request that the court resentence me based on the sentencing guidelines without career offender designation. I would also request appointed counsel to assist me and if necessary construe this as a 2255.

In his letter, Earnest claims he is no longer a career offender under §4B1.1 of the United States Sentencing Guidelines in light of *Johnson* and seeks to be resentenced without that designation. In response to the filing, the Court ordered the Federal Public Defender to review the filing and determine whether it would be pursuing Earnest's arguments under *Johnson*. The Federal Public Defender's Office subsequently filed a notice with the Court stating it had reviewed the case and would not pursue any *Johnson* arguments on Earnest's behalf. The Court entered an order construing Earnest's filing as a § 2255 motion. The Government filed its Response to Earnest's motion.

## II. DISCUSSION

Earnest challenges his sentence pursuant to *Johnson v. United States*. In *Johnson*, the Supreme Court held the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Subsequently, in *United States v. Welch*, 136 S. Ct. 1257, 1265 (2016), the Supreme Court ruled *Johnson* was a substantive new rule, retroactive on collateral review. Therefore, defendants who were determined to be armed career criminals under the residual clause of the ACCA may seek collateral review of their sentences within one year of the Supreme Court's *Johnson* decision. In this case, the ACCA was not at issue; instead, Earnest's career offender status under the residual clause of the Guidelines is implicated. Neither *Johnson* nor *Welch* explicitly addressed the issue of the Guidelines.

Although Earnest seeks to extend *Johnson* and *Welch* to the residual clause of the career offender provision[1] in the sentencing guidelines, his argument was recently foreclosed by the Supreme Court's decision in *Beckles v. United States*, ___U.S.___, No. 15-8544, 2017 WL 855781 (Mar. 6, 2017). In *Beckles*, the Supreme Court addressed whether the residual clause of § 4B1.2(a) is, analogous to the residual clause in the ACCA, subject to a vagueness challenge

---

[1] The career offender provision of the Sentencing Guidelines increases the offense level and criminal history category, and thus the guideline imprisonment range, of defendants who commit certain offenses after having been convicted of two felony controlled substance offenses or "crimes of violence." U.S.S.G. § 4B1.1(a). Similar to the ACCA, the Guidelines defined "crime of violence" as any state or federal crime punishable by imprisonment for a term exceeding one year, that:
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (2007) (emphasis added). The italicized text is known as the "residual clause."

under the Due Process clause. The Supreme Court concluded the U.S. Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Id.* at *5–6. More specifically, the Court held *Johnson*'s vagueness holding does not apply to the career-offender provisions of the U.S. Sentencing Guidelines as urged by Earnest.[2] *See id.* at *6.

Earnest's § 2255 motion rests upon the contention that the § 4B1.2(a)(2) residual clause is void for vagueness. In light of *Beckles*, his argument can no longer be sustained. Accordingly, Earnest's motion under 28 U.S.C. § 2255 will be denied.

**IT IS HEREBY ORDERED** Petitioner Eric Earnest's Motion to Correct Sentence under 28 U.S.C. § 2255 [ECF No. 1] is **DENIED**.

So Ordered this 14th day of March, 2017.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] Specifically, the Supreme Court stated that, unlike the ACCA,
> [T]he advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles*, 2017 WL 855781, at *6.